Daniel Cotman (SBN 218315)
Cotman IP Law Group, APLC
1400 Newport Center Drive, Suite 100
Newport Beach, CA 92660
Phone: (626) 405-1413
Email: dan@cotmanlaw.com

Attorneys for Plaintiff
Michael Grecco Productions, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Michael Grecco Productions, Inc., formerly known as Michael Grecco Photography, Inc.,<br>Plaintiff,<br>vs.<br>Chive Media Group, LLC d/b/a theCHIVE<br>Defendant. | Case No.:<br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br>**JURY TRIAL DEMAND** |

## INTRODUCTION

1. This is a civil action for copyright infringement under 17 U.S.C. §§ 101 et seq. This action arises from Defendant's unauthorized reproduction and public display of Plaintiff's registered photographic work shown in Exhibit C (the "Copyrighted Work"). Defendant used the Copyrighted Work without authorization and failed to compensate Plaintiff for such use.

## PARTIES

2. Michael Grecco Productions, Inc., formerly known as Michael Grecco Photography, Inc. ("Plaintiff"), is a professional photography company that owns and enforces rights in photographic works created by renowned photographer Michael Grecco, whose works have been widely recognized and celebrated. Plaintiff is a California corporation with its principal place of business in Santa Monica, California, within this District. Plaintiff changed its name from Michael Grecco Photography, Inc. to Michael Grecco Productions, Inc. in 2012.

3. Chive Media Group, LLC d/b/a theCHIVE ("Defendant") is a Texas limited liability company with its principal place of business in Austin, Texas. Defendant owns and operates the website thechive.com.

4. Defendant owned and/or operated the webpage formerly located at https://thechive.com/funny/if-you-laugh-you-lose-30-photos-2/ (the "Infringing Webpage"), which was accessible nationwide, including within this District, and on which Defendant previously displayed the Copyrighted Work.

5. Plaintiff has never licensed or authorized Defendant, or any of its affiliates or agents, to reproduce or publicly display the Copyrighted Work.

## JURISDICTION AND VENUE

6. This is a civil action seeking damages, statutory damages, attorneys' fees and costs, and injunctive relief for copyright infringement under 17 U.S.C. §§ 101 et seq., including §§ 501, 502, 504, and 505.

7. This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyrights).

**Personal Jurisdiction**

8. This Court has specific personal jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(1)(A) and California Code of Civil Procedure § 410.10, which permits the exercise of jurisdiction on any basis not inconsistent with the Constitution of California or of the United States. Defendant purposefully directed the conduct at issue toward California and this District, Plaintiff's claim arises out of and relates to Defendant's contacts with California and this District, and the exercise of jurisdiction over Defendant is reasonable.

9. Defendant operates theCHIVE.com (the "Website") and related theCHIVE mobile applications for iOS and Android as an interactive, advertising-supported media platform. Defendant attracts visitors to the Website with photo galleries and similar content and earns revenue from advertising displayed to those visitors alongside that content. The Website invites visitors to subscribe (see Exhibit B), and Defendant sells monthly ($6.99) and yearly ($69.99) in-app purchases through its theCHIVE iOS application.

10. Defendant collects information from which its visitors' locations can be determined, and it discloses both that it may use the information it collects to select the audiences that see advertisements and that location information may be shared with third parties for advertising purposes. Defendant's privacy policy,

available at https://thechive.com/privacy-policy/ (the "Privacy Policy"), which states that it covers "all of the websites of Chive Media Group, LLC" and its mobile services, and which, upon information and belief, was in effect while Defendant displayed the Copyrighted Work, discloses that:

(a) Defendant uses log files that record visitors' "internet protocol addresses, browser type, internet service provider (ISP), referring/exit pages, platform type, date/time stamp, and number of clicks," which it uses, among other things, to "gather broad demographic information for aggregate use";

(b) "[s]ome of Chive Media Group's business partners may use cookies on the Websites or advertising IDs for the Mobile Services";

(c) Defendant "may access, collect, monitor, store on your device, and/or remotely store one or more 'device identifiers,'" which "may help Chive Media Group or a partner provide user reports, personalized content or targeted ads";

(d) Defendant "may collect and share precise location information, through methods such as mobile 'SDKs,'" and "[t]his location information may be used by itself, aggregated, or combined with mobile identifiers (such as IDFAs and Android IDs), and shared with third parties, for purposes related to advertising, attribution (e.g., measuring ad performance) analytics and research";

(e) the third-party advertisers that deliver the advertisements appearing on the Website "may use information . . . about your visits to this and other websites in order to provide advertisements on this site and other sites about goods and services that may be of interest to you"; and

(f) "Chive Media Group allows advertisers to choose the characteristics of users who will see their advertisements and Chive Media Group may use any of the non-personally identifiable attributes it has collected . . . to select the appropriate audience for those advertisements."

11. Defendant has also disclosed, in the "Data safety" section of the Google Play listing for its theCHIVE Android application, that the application may share users' "[a]pproximate location" and "[p]recise location" with other companies or organizations for purposes that include "Advertising or marketing."

12. A visitor's IP address reveals the approximate geographic location of the visitor's device, typically including the State and metropolitan area in which the visitor is located. Upon information and belief, Defendant and the advertising partners it has engaged use that information, and the location information described above, to identify visitors located in California and in this District and to sell and serve advertising to those visitors, including advertising targeted to users in California and in the Los Angeles market.

13. Defendant monetizes the Website through programmatic advertising. The Privacy Policy states that "[a]ll or partial advertising on this Website or App is

managed by Playwire LLC." The ads.txt file for thechive.com (the public file through which a website publisher identifies the companies authorized to sell its advertising inventory), which redirects to a file hosted by Playwire, identifies thechive.com as the owner domain and Playwire as the manager of its advertising inventory and a direct seller, and lists more than 600 authorized seller entries across numerous advertising systems. Defendant's photo-gallery pages load advertising technology from these and other companies. For example, Defendant's September 26, 2021 gallery titled "If You Laugh, You Lose. (30 Photos)," located at https://thechive.com/funny/if-you-laugh-you-lose-30-photos/ (the "2021 Gallery")—a different page from the Infringing Webpage, posted by the same editor—loads advertising technology from, among others, Google, Taboola, Criteo, Rubicon Project, PubMatic, and OpenX. Upon information and belief, at all relevant times, including while the Infringing Webpage displayed the Copyrighted Work, Defendant had engaged Playwire and authorized those sellers to sell advertising on the Website to visitors throughout the United States, including California; Defendant has not excluded California visitors from that advertising; each time a visitor loads a page of the Website, the advertising technology Defendant has deployed or authorized, including through Playwire, transmits information about that visitor, including location information derived from the visitor's IP address or device, to advertisers and exchanges that bid to show advertisements to that visitor based in part on the visitor's location;

and Defendant derives revenue from advertising delivered to visitors it knows are located in California, including in this District.

14. The Privacy Policy also contains a section titled "California Privacy Rights," which states that "[t]he California Consumer Privacy Act provides some California residents with the additional rights listed below," describes California residents' right "to know and see what data we have collected about you over the past 12 months" and to request deletion of "the personal information we have collected from you," and directs California residents to contact Defendant "to exercise any other data rights under California law." The Privacy Policy contains no comparable section addressing the privacy laws of any other State, including Texas, where Defendant is headquartered. Defendant thereby acknowledges that it collects personal information from California residents.

15. Similarweb, a web-analytics company, publishes a traffic profile of the Website that, for August 2026, reports approximately 4 million total visits and reports that approximately two-thirds of the Website's desktop traffic—68.08 percent—comes from the United States. California is the Nation's most populous State and is home to more than one in ten U.S. residents (approximately 39.4 million of 341.8 million as of July 1, 2025, according to the U.S. Census Bureau), and nearly half of California's residents (approximately 19.2 million) live in the seven counties that make up this District. See 28 U.S.C. § 84(c). Upon information and belief, the Website receives more than one million visits each month, including

tens of thousands of visits from users in California each month, a substantial share of them from this District, and Defendant collects the information described above from those visitors and derives advertising revenue from them.

16. theCHIVE, which Defendant now owns and operates and describes as “the flagship under Chive Media Group,” has deep roots in California. The Website states that theCHIVE was started by its founders, John and Leo Resig, with “a small house in Venice Beach,” that it has been operating “since November 2008,” and that “[t]he company moved from Los Angeles to Austin, Texas in 2013.” The Website further states that Leo Resig “built the business side of Chive Media Group and is still the CEO today.” In an October 6, 2015 press release that remains publicly available at chivemediagroup.com, Resignation Media, which the release identified as the “parent company of theCHIVE,” stated that it “serves its advertising partners with offices in New York, Los Angeles, Chicago, San Francisco, and Austin Texas,” and it quoted “Leo Resig, Co-Founder and CEO of Resignation Media.” And in a January 4, 2016 post on the Website titled “theCHIVE is coming home to Los Angeles, California!,” theCHIVE promoted an event for its readers in Hermosa Beach and told them that “theCHIVE’s roots are deeply sowed in the beaches of California.”

17. Defendant continues to publish content directed to readers interested in California and the Los Angeles-based entertainment industry, including regular features about Hollywood films, actors, and celebrities—for example, “Hollywood

Hostility: Celebs Who Famously Hated Each Other" (February 16, 2026) and "The Most Iconic Outfits in Hollywood Movie History" (February 27, 2026)—and coverage of California events, such as the gallery "Pictures from the tragic L.A. County fires (32 Photos)" (January 9, 2025). The Copyrighted Work, a portrait of a well-known film actor, is the kind of celebrity image Defendant uses to draw traffic to its advertising-supported pages.

18. Plaintiff's claim arises out of and relates to these contacts. Upon information and belief, Defendant's editorial staff selected the Copyrighted Work and published it in a gallery titled "If You Laugh, You Lose! (30 Photos)" on the Infringing Webpage, whose URL, as captured in Exhibit B, includes the parameter "utm_editor=4812242_hendy." Upon information and belief, the Infringing Webpage, like Defendant's other gallery pages, displayed advertising, and it is a page of the same Website through which, as alleged above, Defendant collects information revealing its visitors' locations and, upon information and belief, derives revenue from advertising delivered to its California visitors. Upon information and belief, each time a visitor located in California loaded the Infringing Webpage, Defendant transmitted a copy of the Copyrighted Work from servers owned or controlled by Defendant to that visitor's device in California, thereby publicly displaying the Copyrighted Work in California; logged the visitor's IP address and the other log-file information described above;

and caused paid advertising, sold through Playwire and the sellers Defendant authorized, to be delivered to that visitor.

19. Upon information and belief, given the volume of California traffic alleged above, the Infringing Webpage was viewed by numerous visitors located in California and in this District while it displayed the Copyrighted Work, and Defendant earned advertising revenue from those views. Records of the traffic to, and advertising revenue from, the Infringing Webpage by visitor location are peculiarly within Defendant's possession.

20. A jurisdictionally significant amount of the harm caused by Defendant's infringement occurred in California. As alleged above, upon information and belief, Defendant displayed the Copyrighted Work, without a license, to viewers in California, a principal market for licensing celebrity and entertainment-industry photographs and a market in which Plaintiff licenses Mr. Grecco's photographs. Plaintiff, which is located in Santa Monica, within this District, suffered that injury here. Defendant knew such harm was likely to be suffered in California, where, upon information and belief, it knowingly displayed the Copyrighted Work to, and derived advertising revenue from, California visitors.

21. Exercising jurisdiction over Defendant in this District is reasonable. Defendant is a sophisticated national media company that, as alleged above, collects information revealing its visitors' locations and, upon information and belief, derives advertising revenue from California residents; California has a strong

interest in providing a forum for residents whose copyrights are infringed; and Plaintiff, its records, and witnesses concerning the creation, registration, and licensing of the Copyrighted Work are located in this District.

## Venue

22. Venue is proper in this District under 28 U.S.C. § 1400(a) because Defendant may be found in this District. As alleged above, and upon information and belief, Defendant's contacts with this District—including its display of the Infringing Webpage to, and collection of information from, visitors located in this District; its receipt of revenue from advertising delivered to visitors in this District, including in the Los Angeles market; and its publication of content directed to readers interested in California and the Los Angeles-based entertainment industry—would subject Defendant to personal jurisdiction in this District if this District were a separate State.

## FACTUAL ALLEGATIONS

### The Importance of Copyright and Bundle of Rights

23. Copyright law protects original works of authorship, including photographs, and grants copyright owners certain exclusive rights in those works.

24. Section 106 of the Copyright Act (the "Act") grants copyright owners certain exclusive rights, including the rights to reproduce, distribute, and publicly display their copyrighted works. Subject to the limitations and defenses provided by the

Act, the unauthorized exercise of those rights constitutes copyright infringement, for which the Act permits recovery of actual or statutory damages.

25. Under the Copyright Act of 1976, copyright protection subsists in original works of authorship, including photographs, from the moment they are fixed in a tangible medium of expression.

26. Michael Grecco is a renowned photographer and director, recognized internationally for his high-concept imagery, mastery of lighting, and powerful connections with his subjects. His work has appeared in prominent publications including Esquire, Vanity Fair, Rolling Stone, and Time.

27. Plaintiff obtained a copyright registration for the Copyrighted Work before Defendant's unauthorized publication of the Copyrighted Work and before the filing of this lawsuit.

28. Plaintiff owns the copyright in the Copyrighted Work, which is included in U.S. Copyright Registration No. VA 1-431-698, with an effective date of registration of July 7, 2010. The registration identifies Plaintiff under its former name, Michael Grecco Photography, Inc., as author and copyright claimant. ***See Exhibit A.***

29. Defendant displayed the Copyrighted Work without authorization on the Infringing Webpage, https://thechive.com/funny/if-you-laugh-you-lose-30-photos-2/, on or about August 14, 2026, and, upon information and belief, before that date. The URL of the Infringing Webpage as captured in Exhibit B includes

the parameter "utm_postid=4812242." Upon information and belief, 4812242 is theCHIVE's post number for the Infringing Webpage; it falls between the post numbers of two theCHIVE posts published on October 14, 2024 (4812199 and 4812276). Upon information and belief, Defendant created the Infringing Webpage on or about October 14, 2024, and first published the Copyrighted Work on it on or after that date. Defendant has since removed the Infringing Webpage. Defendant's unauthorized use of the Copyrighted Work on the Infringing Webpage is documented. ***See Exhibit B.***

30. Plaintiff never granted Defendant a license or authorization to use the Copyrighted Work.

31. Defendant's unauthorized publication of the Copyrighted Work devalues the market for legitimate licensing and harms Plaintiff's economic rights.

## CAUSE OF ACTION

## COUNT I

## (Infringement of Copyrights – 17 U.S.C. §§ 101 et seq.)

32. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as though fully set forth herein.

33. Plaintiff owns the copyright in the Copyrighted Work, shown in ***Exhibit C***, including the exclusive rights under 17 U.S.C. § 106. The Copyrighted Work was registered prior to Defendant's infringement and prior to the filing of this lawsuit.

34. Plaintiff has never provided authorization to Defendant, its owners, agents, licensees, affiliates, employees, contractors, or subscribers to use, copy, publicly display, distribute, license, manipulate, or otherwise commercially exploit the Copyrighted Work.

35. Defendant directly infringed Plaintiff's copyright by using, copying, publicly displaying, and otherwise commercially exploiting the Copyrighted Work without Plaintiff's authorization. Upon information and belief, Defendant's photo galleries display images served from Defendant's own domain; for example, each of the 31 images in the 2021 Gallery is served from thechive.com/wp-content/uploads/. Upon information and belief, Defendant likewise uploaded a copy of the Copyrighted Work to, and stored it on, servers owned or controlled by Defendant, and transmitted that copy from those servers to the devices of visitors to the Infringing Webpage.

36. As a direct and proximate result of Defendant's infringing acts, Plaintiff has suffered damages, including but not limited to lost licensing fees and harm to the market value of the Copyrighted Work.

37. Defendant's actions constitute direct copyright infringement. Defendant reproduced, publicly displayed, and utilized the Copyrighted Work for commercial gain without authorization or payment.

38. Defendant exercised control over the images and content published through the Website, an interactive, advertising-supported website. By selecting and

publishing the Copyrighted Work on an advertising-supported webpage, Defendant publicly displayed it to readers and used it to generate traffic and advertising revenue. Upon information and belief, the Infringing Webpage was viewed by users in this District, including users in Los Angeles, and Defendant monetized traffic generated through the Infringing Webpage.

39. Defendant's infringing acts commenced after registration of the Copyrighted Work.

40. Upon information and belief, Defendant's infringement was willful. Defendant is a commercial publisher whose business includes selecting and publishing photographs, and its Terms of Use require users who submit content to grant Defendant a license to use it. Upon information and belief, Defendant is familiar with the need to obtain permission to publish photographs owned by others. Upon information and belief, Defendant's editorial staff nonetheless selected and published the Copyrighted Work on the Infringing Webpage without seeking or obtaining any license, with knowledge that Defendant had no right to do so or in reckless disregard of Plaintiff's rights.

41. As a result of Defendant's infringement, Plaintiff has suffered actual damages, including lost licensing fees and harm to the market value of the Copyrighted Work. Upon information and belief, Defendant derived financial benefit from increased web traffic and advertising revenue attributable to the infringing content.

42. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover the actual damages it has suffered and any profits of Defendant that are attributable to the infringement and not taken into account in computing actual damages.

43. Alternatively, pursuant to 17 U.S.C. § 504(c)(2), as a result of Defendant's willful infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover statutory damages of up to $150,000 for the infringement of the Copyrighted Work.

44. Plaintiff is also entitled to its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

45. Defendant's infringement has caused irreparable injury to Plaintiff, including loss of control over the use and display of the Copyrighted Work and harm to its licensing market, and Plaintiff faces the risk of future unauthorized use or republication of the Copyrighted Work, for which monetary damages alone would be inadequate.

46. Accordingly, Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting the infringement of Plaintiff's exclusive copyrights in the Copyrighted Work by Defendant and all persons acting in concert with Defendant.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

47. That Plaintiff be awarded actual damages and any profits of Defendant attributable to the infringement and not taken into account in computing actual damages pursuant to 17 U.S.C. § 504(b), or, in the alternative, statutory damages of up to $150,000 for infringement of the Copyrighted Work pursuant to 17 U.S.C. § 504(c)(2);

48. That Defendant and its agents, servants, employees, and all persons acting in concert or participation with Defendant be permanently enjoined from infringing Plaintiff's copyright in the Copyrighted Work in any manner;

49. That Defendant provide a full accounting of all revenues, profits, and other financial benefits attributable to the infringement of the Copyrighted Work, including revenues derived from the Infringing Webpage;

50. That Plaintiff be awarded its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

51. That Plaintiff be awarded pre-judgment interest as allowed by law; and

52. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in this action pursuant to F.R.C.P. 38 and the Seventh Amendment of the United States Constitution.

DATED: September 30, 2026 By: /s/ Daniel Cotman

Daniel Cotman (SBN 218315)
Cotman IP Law Group, APLC
1400 Newport Center Drive, Suite 100
Newport Beach, CA 92660
Phone: (626) 405-1413
Email: dan@cotmanlaw.com

Attorneys for Plaintiff
Michael Grecco Productions, Inc.